UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0244 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a Sacramento County Jail prisoner proceeding pro se against defendant Xavier Beccera in his official capacity as the Attorney General of the State of California. Plaintiff's remaining claim arises under the Due Process Clause of the Fourteenth Amendment and concerns plaintiff's name appearing in California's Sex and Arson Registry. Plaintiff claims his name should be removed. Defendant has filed a motion to dismiss.

　　　　The court reviews defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) which authorizes dismissal if a complaint fails to state a claim upon which relief can be granted. Dismissal for failure to state a claim is proper only if it is clear plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). When considering a Rule 12(b)(6) motion, the court takes as true all allegations of material fact stated in the complaint, and construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).

1

Also, the court generally considers only the complaint and attached documents. Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002). However, as here, the court may also consider facts it judicially notices under Federal Rule of Civil Procedure 201 such as "matters of public record." Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

In his complaint, plaintiff alleges that convictions for crimes he does not identify were expunged by the Superior Court of Placer County on April 11, 2012. Plaintiff alleges that the expungement of these convictions releases him of the requirement under California Penal Code §290 to register as a sex offender, and therefore his name should be removed from the Sex and Arson Registry.

Defendant has provided the court with case records from Placer County Superior Court Case No. 62-042890. After a review of those records, the court takes judicial notice, pursuant to Federal Rule of Civil Procedure 201, of the following facts:

1. Plaintiff was convicted of possession of child pornography and child molestation in violation of California Penal Code sections 311.11(a) and 647.6(a) and sentenced on March 15, 2005.

2. Convictions for these offenses were dismissed on April 11, 2012 pursuant to a motion submitted by plaintiff in accordance with California Penal Code § 1203.4, thereby releasing plaintiff "from all penalties and disabilities resulting from" his offenses.

Petitioner's convictions require that he register with the chief of police in the city where he lives. Cal. Penal Code §290. Under California Penal Code § 290.5, a person convicted of a violation of section 311.11(a) or 647.6(a), can be relieved of the requirement to register if they obtain a "certificate of rehabilitation" under California Penal Code 4852.01, et seq.

Based on the records filed by defendant, the court also judicially notices that plaintiff sought a "Certificate of Rehabilitation" from the Superior Court of Placer County, but his petition was never adjudicated and was dropped from the court's calendar on January 14, 2013. Plaintiff fails to allege, or point to anything in his pleadings or opposition to defendant's motion to dismiss which suggests that he has obtained a "Certificate of Rehabilitation."

/////

2

In his pleadings, plaintiff does point to Kelly v. Municipal Court of City & County of S.F., 160 Cal. App. 2d 38, 44 (1st Dist. 1958), in which the California Court of Appeal held that California Penal Code § 290 is "criminal in character" and imposes a penalty expiring upon fulfillment of the conditions of probation. However, in People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (1st Dist. 2014) the same court found "Kelly is no longer good law." Specifically, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id.

Plaintiff's claim for violation of due process under the Fourteenth Amendment is premised upon plaintiff's assertion that, under California law, he has been relieved of the requirement to register under California Penal Code §290. Since that is not the case, and plaintiff fails to state a claim for an independent violation of the Due Process Clause, the court will recommend that defendant's motion to dismiss be granted, and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Defendant's motion to dismiss (ECF No. 16) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hume0244.dis